#### UNITED STATES DISTRICT COURT
#### WESTERN DISTRICT OF KENTUCKY
#### AT LOUISVILLE

**BARRY C. DRAKE**                                                                                      **PLAINTIFF**

**v.**                                           **CIVIL ACTION NO. 3:06CV-217-S**

**SHEILA ENYART** *et al.*                                                                **DEFENDANTS**

#### MEMORANDUM OPINION

Plaintiff filed a *pro se* complaint seeking declaratory, injunctive, and monetary relief against various local, state, and federal officials due to their alleged deprivation of his rights, "brutality, ethnic persecution and criminal harassment," and conspiracy to commit these acts. Because Plaintiff is proceeding *in forma pauperis*, the Court must undertake a preliminary review of his complaint under 28 U.S.C. § 1915. *See McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997). On initial review of the complaint, the Court will dismiss the instant action.

#### I.  STATEMENT OF CLAIMS

Plaintiff alleges a violation of the Fourteenth Amendment and brings this action pursuant to *Bivens v. Six Unknown Fed. Narcotics Agents*; the U.S. Patriot Act; 10 U.S.C. § 375; 18 U.S.C. §§ 4, 241, 242, 521, 1385, 1512, 1961-68 and 2340; 42 U.S.C. § 1981, 1983, 1985, 1986 and 2000aa-6.

Plaintiff sues six Defendants in both their official and individual capacities. Defendant Sheila Enyart is Mayor of Radcliff, Kentucky, and according to Plaintiff, Mayor Enyart, "thru Respondeat Superior, is responsible for the actions of the Radcliff Police." Defendant Donald W. Bloodworth is the Chief of Police in Radcliff and "responsible for the actions of his officers and informants." Defendant Donald H. Rumsfeld is the former Secretary of Defense and "responsible for the Military's involvement in this criminal conspiracy." Defendant Karen Tandy is the Administrator of the DEA, Office of Diversion Control, in Alexandria, Virginia,

and "responsible for the actions of the DEA and it's informants." Defendant Mark Miller is the Kentucky State Police Commissioner and "responsible for the actions of the KSP and it's informants." Finally, Defendant Wayne Edwards is the Head of The Greater Hardin County Narcotics Task Force and "responsible for the actions of the Task Force and it's informants."

Plaintiff reports that on a daily basis his "street is filled with unmarked Police vehicles, undercover agency vehicles, and commercial business vehicles[1] utilized by law enforceme[n]t, circling the block observing Plaintiff, in an obvious fashion." Plaintiff further reports that he cannot go walking or into stores or fast-food restaurants without being followed. "People are constantly observing Plaintiff, following him in traffic and on foot, while talking on cell phones, whether he is outside or in vehicular traffic," and Plaintiff has counted as many as twenty to thirty vehicles drive by his residence "in such an outrageous fashion that Plaintiff's neighborhood has become the site for a posse of criminally based terrorists in which these people parade by Plaintiff's house with loud stereos, and bright lights hoping to see nonexistent traffic at Plaintiff's residence." He claims that in the past he has fought with drug dealers "to the extent that both his residence and vehicle were vandalized several times, and his life was constantly threatened several times." He reports that he called the Radcliff police numerous times in reference to these incidents.

Plaintiff has observed Radcliff police officers and officers from various agencies in civil cars with military decals, "who, once recognized, they run stop signs and speed away at [excess] speed limits . . . and put any neighborhood children who may be playing in the streets wantonly

---

[1]Examples of such unmarked vehicles are "US Postal, Nolin, Insight Communications, Hardin County Water, local Taxis, Pizza delivery, all types of Radcliff city vehicles–marked and un-marked, Hardin County ambulances, Police personal vehicles-some have their families with them, Constables, and vehicles from car dealers."

in danger." Additionally, "[b]oth informants and the Police tailgate Plaintiff in traffic in an attempt to intimidate, stalk, and harass." According to Plaintiff, "[t]his posse of criminally based terrorists, have made Plaintiff a hostage of law enforcement, continuously under siege, continuously stalking him and invading his privacy, with no lawful justification."

## II. LEGAL STANDARD

The federal *in forma pauperis* statute mandates that a trial court shall dismiss a civil action at any time, if the court determines that an action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Id.* at 327. When determining whether a plaintiff has stated a claim upon which relief can be granted, the court must construe the complaint in a light most favorable to the plaintiff and accept all of the factual allegations as true. *Prater v. City of Burnside, Ky.,* 289 F.3d 417, 424 (6th Cir. 2002). A complaint, or portion thereof, should be dismissed for failure to state a claim upon which relief may be granted, "only if it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief." *Brown v. Bargery,* 207 F.3d 863, 867 (6th Cir. 2000).

While a reviewing court must liberally construe *pro se* pleadings, *Boag v. MacDougall,* 454 U.S. 364 (1982) (per curiam), a plaintiff is required to plead more than bare legal conclusions. *Lillard v. Shelby County Bd. of Educ.*, 76 F.3d 716, 726 (6th Cir.1996); *see also Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir.1987). Therefore, the complaint

3

must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory. *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 436 (6th Cir. 1988).

### III.  ANALYSIS

On review, the Court concludes that the entire complaint must be dismissed as legally and factually frivolous and for failure to state a claim upon which relief may be granted.

### A.  42 U.S.C. § 1981

Section 1981(a) of Title 42 of the United States Code states:

> All persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens, and shall be subject to like punishment, pains, penalties, taxes, licenses, and exactions of every kind, and to no other.

The statute has been construed as a prohibition against certain forms of racial discrimination. *Saint Francis College v. Al-Khazraji*, 481 U.S. 604, 608-10 (1987).  The elements of a claim under § 1981 are:  "(1) the plaintiff is a member of a racial minority; (2) an intent to discriminate on the basis of race by the defendant; and (3) the discrimination concerned one or more of the activities enumerated in the statute (i.e. make and enforce contracts, sue and be sued, give evidence, etc.)."  *Mian v. Donaldson, Lufkin & Jenrette Sec. Corp.*, 7 F.3d 1085, 1087 (2d Cir. 1993).

In the first sentence of the complaint, Plaintiff mentions that he is black.  On no other occasion in the complaint is race mentioned.  Additionally, in the first paragraph, Plaintiff broadly claims that informants and military and law enforcement personnel are "perpetuating brutality, ethnic persecution and criminal harassment."  He provides no details to support this

broad and conclusory allegation and fails to demonstrate how this allegation falls within the ambit of § 1981. Because conclusory allegations are insufficient to establish a cause of action under § 1981, that claim will be dismissed.

### B. 42 U.S.C. § 2000aa-6

This statute provides a private right of action for violation of the Privacy Protection Act ("PPA"), codified at 42 U.S.C. § 2000aa. "The PPA prohibits the government from [searching for or] seizing certain materials . . . that are intended for publication." *Guest v. Leis*, 255 F.3d 325, 340 (6th Cir. 2001). Clearly, Plaintiff has alleged no facts demonstrating that the government has searched for or seized materials intended for publication. Consequently, the claim arising under 42 U.S.C. § 2000aa-6 will be dismissed.

### C. 42 U.S.C. § 1983

Section 1983 has two basic requirements: (1) state action that (2) deprived an individual of federal statutory or constitutional rights. *See West v. Atkins,* 487 U.S. 42, 48 (1988); *Flint v. Ky. Dep't of Corr.*, 270 F.3d 340, 351 (6th Cir. 2001). Because of the necessity of *state* action, the § 1983 claim against the *federal* Defendants must be dismissed. As to the state Defendants, Plaintiff has failed to demonstrate any involvement by any of those named individuals in any of the allegations asserted in his complaint, *see Deaton v. Montgomery County*, 989 F.2d 885, 889 (6th Cir. 1993) ("Congress did not intend § 1983 liability to attach where causation is absent."), and the doctrine of respondeat superior, or the right to control employees, does not apply in § 1983 actions to impute liability onto supervisors. *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978). Furthermore, Plaintiff only broadly alleges a violation of his Fourteenth Amendment rights, and even under the most liberal of construction, the Court can

5

discern no viable Fourteenth Amendment claim from a fair reading of the complaint. The § 1983 claim will therefore be dismissed.

### D. *Bivens*

A *Bivens* claim is a judicially created counterpart to a § 1983 action and is properly brought only against federal officials in their individual capacities who have allegedly denied a plaintiff's constitutional rights. *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388, 390-97 (1971). Because a *Bivens* cause of action may be brought only against federal defendants in their individual capacities, a *Bivens* claim against the local and state Defendants as well as against the federal Defendants in their official capacities is not cognizable. *Berger v. Pierce*, 933 F.2d 393, 397 (6th Cir. 1991) ("[A] *Bivens* claim may not be asserted against a federal officer in his official capacity). As to the *Bivens* claim against the federal Defendants in their individual capacity, Plaintiff has described no personal involvement by any of the federal officers in any of the actions about which he complains, and "[t]he theory of respondeat superior cannot provide the basis for liability in a *Bivens* action." *Stiger v. O'Neill*, 53 Fed. Appx. 738, 740 (6th Cir. 2002) (citing *Jones v. City of Memphis*, 586 F.2d 622, 625 (6th Cir. 1978)). The *Bivens* claim against all Defendants must therefore be dismissed.

### E.  42 U.S.C. §§ 1985 and 1986

"Under § 1985, a plaintiff must plead his civil rights conspiracy charge with factual specificity; mere conclusory allegations will not survive a motion to dismiss." *Ashiegbu v. Purviance*, 76 F. Supp. 2d 824, 830 (S.D. Ohio 1998); *Saunders v. Ghee*, No. 94-4073, 1995 WL 101289, at *1 (6th Cir. 1995) ("Conspiracy claims under § 1985(3) must be pleaded with the same specificity as conspiracy claims under § 1983.") (citing *Jaco v. Bloechle*, 739 F.2d 239, 245 (6th Cir.1984)). Plaintiff's broad and conclusory allegation of a conspiracy by law

enforcement personnel to deprive him of his rights, without any facts surrounding these allegations, fails to demonstrate a viable § 1985 conspiracy claim, and that claim will be dismissed.

A cause of action under § 1986 is based on the violation of § 1985. *Bartell v. Lohiser*, 215 F.3d 550, 560 (6th Cir. 2000) (explaining that a "§ 1986 claim is derivative and conditioned on establishing a § 1985 violation"). As this Court has concluded that there is no violation under § 1985, the § 1986 claim fails and must also be dismissed.

### F.  18 U.S.C. § 1385 and 10 U.S.C. § 375

Plaintiff's claim arising under 18 U.S.C. § 1385, the Posse Comitatus Act, is meritless. "[T]he Posse Comitatus Act . . . prohibits Army and Air Force personnel from engaging in civilian law enforcement [and] is a criminal statute that provides no private cause of action." *Smith v. United States*, 293 F.3d 984, 988 (7th Cir. 2002); *Lamont v. Haig*, 539 F. Supp. 552, 559 (D.C.S.D. 1982) (concluding that Congress did not intend to create a private cause of action under § 1385).

Section 375 of Title 10 is a military statute related to the Posse Comitatus Act and requires the Secretary of Defense to issue regulations limiting the direct participation of military personnel in civilian searches, seizures, and arrests. A claim arising under that statute is also meritless as the Court has found no authority creating a private cause of action under that statute, and Plaintiff has failed to allege the involvement of military personnel in any search, seizure, or arrest of Plaintiff.

### G.  Remaining Title 18 claims

Plaintiff alleges a violation of various other sections of Title 18. Plaintiff cites to 18 U.S.C. §§ 1961-68. Sections 1961-68 comprise the Racketeer Influenced and Corrupt

Organizations Act of 1970 ("RICO"). Section 1964 provides for treble damages for violation of the Act. While Plaintiff broadly alleges that unidentified law enforcement personnel are "perpetuating a pattern of racketeering activity," Plaintiff wholly fails to demonstrate any involvement by any of the named Defendants in any racketeering activity as defined in 18 U.S.C. § 1961 and thus fails to state a viable RICO claim.

Plaintiff additionally cites to 18 U.S.C. §§ 4, 241, 242, 521, 1512, and 2340. These are all criminal statutes which do not give rise to any private right of action. *See* 18 U.S.C. § 521 (providing for criminal, not civil, penalties for involvement in a criminal street gang); 18 U.S.C. § 1512 (making it a crime to tamper with a witness, victim or an informant and proscribing criminal fines and imprisonment for violation of that section); *Dugar v. Coughlin*, 613 F. Supp. 849, 852 n.1 (S.D.N.Y. 1985) (finding no private cause of action under 18 U.S.C. §§ 4, 241 and 242); *Kervin v. City of New Orleans*, No. 06-3231, 2006 WL 2849861 (E.D. La. Sept. 28, 2006); (determining that 18 U.S.C. § 2340 confers no private right of action). In addition to these statutes creating no private right of action, Plaintiff fails to demonstrate their applicability to the allegations raised in the complaint. Accordingly, Plaintiff's various Title 18 claims must be dismissed.

### H. Patriot Act

Finally, Plaintiff alleges a violation of the Patriot Act. He fails to explain which provision of the Act was allegedly violated, and he has shown no private right of action under the Act. *See Medical Supply Chain, Inc. v. US Bancorp, NA*, No. Civ. A. 02-2539-CM, 2003 WL 21479192 (D. Kan. June 16, 2003) ("[N]o private right of action exists to enforce the Patriot Act."), *aff'd*, 112 Fed. Appx. 730 (10th Cir. 2004). The Patriot Act claim fails and will also be dismissed.

8

As all claims lack merit, the Court will dismiss the entire action.

A separate Order will be entered consistent with this Memorandum Opinion.

Date:

cc: Plaintiff, *pro se*
4411.005